# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CARLOS SUBER, | ) |
| Petitioner, | ) |
| v. | ) No. 4:17-CV-1602 DDN |
| JAMES HURLEY, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2254. Because the petition appears to be untimely, the Court will order petitioner to show cause why the petition should not be summarily dismissed.

On January 14, 2010, petitioner pled guilty to three charges of felony assault in the first degree. *See State v. Suber*, No. 09SL-CR04157-01 (21st Judicial Circuit, St. Louis County). The trial court sentenced petitioner to an aggregate prison term of ten (10) years. The court suspended the execution of the sentence ("SES") and placed petitioner on parole. Petitioner did not appeal the original sentence or file a timely motion for post-conviction relief.

The court revoked petitioner's parole on June 11, 2015 and sentenced petitioner to five (5) years' imprisonment on August 31, 2015. *Id.*

Petitioner filed a motion for post-conviction relief relating to his parole violation, pursuant to Missouri Supreme Court Rule 24.035 on July 2, 2015, which was denied without a hearing on May 23, 2016. *See Suber v. State*, No. 15SL-CC02426 (21st Judicial Circuit, St. Louis County). Petitioner appealed on June 7, 2016, and the Missouri Court of Appeals affirmed the lower court on March 21, 2017. *See Suber v. State*, No. ED 104555 (Mo.Ct.App.). Petitioner is currently incarcerated at Northeast Correctional Center, where James Hurley is the Warden.

In the instant petition, petitioner argues: (1) the State violated his due process rights by failing to examine whether he had the ability to pay restitution; (2) his trial counsel was ineffective

for failing to include the matter of failure to pay restitution in his guilty plea as grounds for revocation; (3) his appellate counsel was ineffective for failing to include his grounds for relief in his post-conviction appeal of his revocation; (4) the State failed to follow due process in the revocation proceedings, such as allowing petitioner to call witnesses, allowing petitioner to cross-examine witnesses or providing petitioner with notice of intent to revoke; and (5) "the plea court lacked the authority to hold a probation revocation proceeding and to revoke probation after the expiration of [his] probationary period."

It is somewhat unclear which of these claims relate to petitioner's original conviction on January 14, 2010, and if some of these claims relate only to petitioner's revocation, which occurred on June 11, 2015. **To the extent that the claims relate only to petitioner's original conviction, the claims appear to be time-barred.[1]**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] If petitioner wishes to file an amended petition including only those claims relating to his revocation, he may do so. However, he must file the amended petition within thirty (30) days of the date of this Memorandum and Order.

2

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Under Missouri law a suspended execution of sentence ("SES") is an entry of judgment, because the sentence has been assessed and only the act of executing the sentence has been suspended. *E.g., State v. Nelson*, 9 S.W.3d 687, 688 (Mo. Ct. App. 1999). The time for filing a direct appeal of the judgment expired ten days after the judgment was entered. Mo. Sup. Ct. R. 30.01(d). As a result, petitioner's original judgment in his case became final on January 24, 2010.

Because petitioner did not file an appeal or motion for post-conviction relief relating to his original judgment within the one-year period, the limitations period for filing a federal habeas petition relating to his original conviction expired on January 24, 2011. Thus, any claims relating to his original judgment, are therefore, time-barred.

Petitioner may, of course, show cause as to why these claims should not be dismissed as time-barred, by submitting a response to this Court, no later than thirty (30) days from the date of this Memorandum and Order.

However, if petitioner agrees that his claims relating to his original judgment are in fact time-barred, and he wishes to pursue in his § 2254 only claims relating to his revocation, he should amend his petition within thirty (30) days of the date of this Memorandum and Order to include claims relating only to his judgment of revocation.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner shall show cause no later than thirty (30) days from the date of this Memorandum and Order why his petition should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that petitioner's motion to proceed in forma pauperis [Doc. # 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that if petitioner wishes to pursue only claims relating to his revocation judgment, he should submit an amended petition in this action no later than thirty (30) days from the date of this Memorandum and Order.

Dated this   5th    day of June, 2017.

\s\   Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE