UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| CARLOS SUBER, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:17CV1602 HEA |
| | ) | |
| JAMES HURLEY, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on petitioner's motion to stay and abey pursuant to *Rhines v. Weber,* 544 U.S. 269 (2005). The motion will be denied.

On January 14, 2010, petitioner pled guilty to three charges of felony assault in the first degree. *See State v. Suber*, No. 09SL-CR04157-01 (21st Judicial Circuit, St. Louis County). The trial court sentenced petitioner to an aggregate prison term of ten (10) years. The court suspended the execution of the sentence ("SES") and placed petitioner on parole. Petitioner did not appeal the original sentence or file a timely motion for post-conviction relief.

The court revoked petitioner's parole on June 11, 2015 and sentenced petitioner to five (5) years' imprisonment on August 31, 2015. *Id.* Petitioner filed a motion for post-conviction relief relating to his parole violation, pursuant to Missouri Supreme Court Rule 24.035 on July 2, 2015, which was denied without a hearing on May 23, 2016. *See Suber v. State*, No. 15SL-CC02426 (21st Judicial Circuit, St. Louis County). Petitioner appealed on June 7, 2016, and the Missouri Court of Appeals affirmed the lower court on March 21, 2017. *See Suber v. State*, No. ED 104555 (Mo.Ct.App.). Petitioner is currently incarcerated at Northeast Correctional Center, where James Hurley is the Warden.

Petitioner's amended petition for writ of habeas corpus relates to his **revocation of parole**. *See* Docket No. 7. He states that that there are three claims in his amended petition that his **appointed counsel** failed to raise in his Rule 24.035 motion. Namely, petitioner asserts that he asked counsel to raise: (1) petitioner's inability to pay restitution fees; (2) the failure by the Court and the prosecutor to provide him with adequate due process; and (3) the Court's failure to allow petitioner the right to confront and cross-examine witnesses at the probation revocation hearing.

In his motion to stay and abey, petitioner says that he has recently filed a Rule 91 habeas petition in the state court in an attempt to exhaust those claims not raised in the Rule 24.035 motion. Petitioner moves this Court for a stay and abeyance while he seeks to litigate his unexhausted claims in the state court.[1]

"Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines,* 544 U.S. at 277. Entitlement to a stay requires not only consideration of whether petitioner had good cause for his failure to exhaust, but also whether his unexhausted claims are "plainly meritless," whether the claims are potentially meritorious, and whether the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 277-78.

Prior to considering the merits of a state petitioner's habeas claims, a federal court must determine whether the federal constitutional dimensions of the petitioner's claims were presented to the state court. *Smittie v. Lockhart*, 843 F.2d 295, 296 (8th Cir.1988). If not, the petitioner may

---

[1] The Court has reviewed Missouri.Case.Net and found no record of a pending Missouri State Habeas Corpus action/Rule 91 brought by petitioner relating to this issue.

still meet the exhaustion requirement if there are no currently available non-futile state remedies by which he could present his claims to the state court. *Smittie*, 843 F.2d at 296.

When the petitioner's claims are deemed exhausted because he has no available state court remedy, the federal court still cannot reach the merits of the claims unless the petitioner demonstrates adequate cause to excuse his state court default and actual prejudice resulting from the alleged unconstitutional error, or that a fundamental miscarriage of justice would occur if the Court were not to address the claims. *Coleman v. Thompson*, 501 U.S. 722 (1991); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977); *Keithley v. Hopkins*, 43 F.3d 1216, 1217 (8th Cir.1995); *Stokes v. Armontrout*, 893 F.2d 152, 155 (8th Cir.1989). Before reviewing any claims raised in a habeas petition, the Court may require that every ground advanced by the petitioner survive this exhaustion analysis. *Rhines*, 544 U.S. at 269 (2005).

In this case, petitioner does not have any non-futile state remedies by which he can present his unexhausted claims to the state courts. Rule 24.035 is the "exclusive procedure by which [a convicted] person may seek relief in the sentencing court" for claims that his conviction violated the state or federal constitutions. Mo. S. Ct. R. 24.035. And any such motion must be filed no later than 90 days from the issuance of the mandate by the appellate court on direct appeal or if no appeal of such judgment or sentence is taken, the motion shall be filed within 180 days of the date the person is delivered to the custody of the Department of Corrections. *Id.* Petitioner cannot go back in time and file a new Rule 24.035 motion, and his habeas corpus motion brought pursuant to Rule 91 would not be able to properly exhaust any of the three claims he wishes his counsel would have pursued in his prior Rule 24.035 motion.

As a result, all of petitioner's claims must be deemed exhausted, and the petition is not subject to stay and abeyance under *Rhines*.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to stay and abey [Doc. #8] is **DENIED**.

Dated this 12th day of July, 2017

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE